DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

FRANK J. RIEBLI (CABN 221152)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California  94102-3495
     Telephone: (415) 436-7200
     FAX: (415) 436-7234
     Frank.Riebli@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-681 CRB |
| Plaintiff, | |
| v. | [PROPOSED] ORDER DETAINING DEFENDANT |
| LINDSAY (MUNIZ) WILLIAMS, | |
| Defendant. | |

     Lindsay (Muniz) Williams made her initial appearance in this Court on January 8, 2020. At that time, Williams waived a detention hearing. She was then serving a state sentence for an offense unrelated to the one charged in this case. On September 6, 2020, that sentence expired and Williams sought release. The Court heard the matter on September 16, 2020. Prior to the hearing, the government file a motion to detain (Dkt #51), and a supplemental motion to detain (Dkt #53). Williams responded to the government's motion (Dkt #55), and the government replied (Dkt #56). Pre-Trial Services prepared a bail report. At the hearing on September 16, 2020, the parties presented arguments, and the Court heard from the defendant and three representatives of the victims in this case. Having considered the parties' written submissions, the attorneys' arguments, and the defendant's and victims'

1  statements, the Court orders that the defendant be detained pending trial.

2  **LEGAL STANDARD**

3      The Bail Reform Act, 18 U.S.C. § 3142(f), requires the government to prove by a preponderance

4  of the evidence that there are no conditions that reasonably will assure the defendant's appearance as

5  required, and to prove by clear and convincing evidence that there are no conditions which reasonably

6  will assure the community's safety. In cases such as this, where there is probable cause to believe that

7  the defendant violated the Controlled Substances Act and faces a maximum of 10 years or more in

8  prison, there is a rebuttable presumption that no condition or combination of conditions reasonably will

9  assure the defendant's appearance as required and the community's safety. 18 U.S.C. § 3142(e)(3)(A).

10  The presumption of detention shifts the burden of production to the defendant. See United States v. Hir,

11  517 F.3d 1081, 1086 (9th Cir. 2008). The defendant must show "some credible evidence" to rebut the

12  presumption. United States v. Chen, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992). Even if the defendant

13  provides that evidence however, the presumption retains evidentiary weight. Hir, 517 F.3d at 1086.

14  Close cases should result in release. Chen, 820 F. Supp. at 1208 (citing United States v. Motamedi, 767

15  F.2d 1403, 1405-06 (9th Cir. 1985)).

16      In evaluating whether pretrial release is appropriate, the Court considers (1) the nature and

17  circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the

18  person (including her character, physical and mental condition, family ties, employment, financial

19  resources, length of residence in the community, community ties, past conduct, history relating to drug

20  and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the

21  nature and seriousness of the danger to any person or the community posed by the person's release. 18

22  U.S.C. § 3142(g); Motamedi, 767 F.2d at 1407. Bail hearings generally proceed by proffer, and the

23  rules of evidence do not apply. 18 U.S.C. § 3142(f).

24  **DISCUSSION**

25      The offense in this case is one of the most serious – based on the statutory penalty scheme – in

26  Title 21. The Indictment alleges a conspiracy to distribute fentanyl and distribution of fentanyl resulting

27  in the deaths of two persons, one of whom was a child. The government proffered facts indicated that

28  the defendants understood they were participating in a fentanyl transaction and that they knowingly

delivered fentanyl to one of the two victims. The deal was planned over a matter of three to four hours and involved substantial coordination of its participants. The government further proffered that the fentanyl the defendants distributed ultimately led to the deaths of both victims. The loss of these two members of our community is incalculable and weighs in favor of detention.

The Court also considers the weight of the evidence. Though the Court does not attempt to pre-judge guilt, the weight of the evidence is relevant to the risk of flight. United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986). If the evidence is sufficient to alert the defendant that there is a reasonable possibility that s/he will be convicted at trial, this factor weighs in favor of detention. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990) (the government's evidence made the defendants "subject to a trial in which they could reasonably believe they might be convicted"). The stronger the evidence against the defendant, the greater the risk of flight. United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987).

Based on the government's proffer, which Williams does not contest, the evidence against Williams is strong. Williams admitted to police in a recorded statement that she set up the transaction and participated in it. She repeated those admissions in recorded calls from the jail to her mother and others. Other evidence – including text messages and cell phone location information – corroborate her admissions. Moreover, as noted above, the maximum penalties in the case are 20 years to life in prison. Those penalties are substantially longer than any penalties she has faced in the past. This factor weighs in favor of detention.

The third factor includes Williams's background and personal characteristics. Williams has an extensive criminal history. It is clear to the Court that much of Williams's history is related to her long-term drug use. Her history also includes numerous failures to appear in prior cases and probation violations, and a refusal to participate in treatment, however. It was only two weeks after she was released to probation on "enhanced supervision" in her most recent state case that she allegedly distributed the fentanyl in this case. This gives the Court serious concerns about whether Williams is amenable to supervision. In addition, the government has proffered evidence indicating that Williams took steps to evade supervision and to help another person (her sister) evade supervision by obtaining clean urine from others to hide continuing drug use. Williams does not contest this evidence. This

1  factor also weighs in favor of detention.

2  The fourth factor the Court considers is the danger to the community, or any person, if

3  WILLIAMS is released.  Danger is broader than just physical violence.  United States v. Reynolds, 956

4  F.2d 192, 192-93 (9th Cir. 1992) ("danger may . . . encompass pecuniary or economic harm"); United

5  States v. Torres, 2009 WL 2160581, at *2 (N.D. Cal. Jul. 20, 2009) ("physical violence is not the only

6  form of danger contemplated by the statute").  It includes a "[p]ropensity to commit crime generally."

7  Torres, 2009 WL 2160581, at *2; United States v. Zaragoza, 2008 WL 686825, at *3 (N.D. Cal. Mar.

8  11, 2008) (same); United States v. Parodi, 2008 WL 683421, at *3 (N.D. Cal. Mar. 7, 2008) (same).  As

9  noted above, the Court is concerned that Williams is not amenable to supervision.  A defendant who is

10  not amenable to supervision poses a risk to the community.  This factor too weighs in favor of detention.

11  Williams offered that she is willing to go to a residential treatment program, and she offered her

12  sister and father as sureties.  For the reasons discussed in the parties' papers, the Court finds that neither

13  of her sureties is suitable.  And for the reasons stated above, the Court does not have confidence that

14  releasing Williams to a residential treatment program will adequately safeguard the community.  The

15  Court finds that Williams has not rebutted the presumption of detention in this case.

16  ## CONCLUSION

17  For reasons set forth above, the Court finds that Williams has not rebutted the presumption that

18  she is both a risk of non-appearance and a danger to the community.  The Court therefore orders that she

19  be detained pending trial.

20  IT IS SO ORDERED.

21  DATED: September _____, 2020                    _____

22                                                   HON. ALEX G. TSE
                                                     United States Magistrate Judge

23

24

25

26

27

28